## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 17-03405-DD |
| Phillip Baker and Elouise Baker, | Chapter 7 |
| Debtor(s). | **Order** |

This matter is before the Court on a motion seeking the avoidance of certain liens ("Motion") filed by Debtors Elouise and Phillip Baker ("Debtors") on October 6, 2017 [Docket No. 79]. The Money Source, Inc. ("Money Source"), World Omni Financial Corporation ("World Omni"), and Capital One Auto Finance ("Capital One") (collectively "Creditors") filed objections to the Motion. A status conference hearing was held on November 2, 2017. A final hearing on the Motion was held on December 7, 2017. Debtors, appearing *pro se*, counsel for Money Source, counsel for Capital One, and counsel for World Omni appeared at the hearing.

### Discussion

Debtors filed a chapter 13 voluntary petition on July 10, 2017. Debtors filed a Notice of Voluntary Conversion Chapter 13 to Chapter 7 [Docket No. 55] on August 23, 2017. Debtors filed Amended Schedule C [Docket No. 74] on September 13, 2017 listing exemptions claimed on property. Debtors argued at the hearing on their Motion that these exemptions are impaired by liens held by Creditors and that 11 U.S.C. § 522 allows avoidance of liens on real property and automobiles.[1]

A bankruptcy estate consists of all interests in property, both legal and equitable, held by a debtor at the time he or she files for bankruptcy protection, as well as certain interests recovered

---

[1] Debtors' Motion also extends to certain household good liens; those matters are dealt with by separate order.

under provisions of the Bankruptcy Code. The Code allows debtors to exempt certain property from the estate. *See* 11 U.S.C. § 522(b)(1). "Section 522(b)(1) of the Code offers the debtor a choice between exempting either the property specified in § 522(d) or the property protected by federal nonbankruptcy law or state law, 'unless the State law that is applicable to the debtor . . . specifically does not so authorize.'" *In re Robinson*, 292 B.R. 599, 607 (Bankr. S.D. Ohio 2003) (quoting 11 U.S.C. § 522(b)(2)). South Carolina has opted out of the federal exemptions and set forth its own system of exemptions. *See* S.C. Code Ann. §§ 15-41-30; 15-41-35. The rationale behind South Carolina's system of exemptions is "to protect from creditors a certain portion of the debtor's property." *Cerny v. Salter*, 429 S.E.2d 809, 811 (S.C. 1993). An exemption in property goes hand in hand with a discharge of indebtedness to provide honest debtors with a fresh start free from pre-bankruptcy obligations. *See Wright v. Union Cent. Life Ins. Co.*, 304 U.S. 502, 514 (1938). Exemptions find a genesis in the public policy of preserving for debtors certain property that is free from creditor claims, levy, and attachment. "'The historical purpose of . . . exemption laws has been to protect a debtor from his creditors, to provide him with the basic necessities of life so that even if his creditors levy on all of his nonexempt property, the debtor will not be left destitute and a public charge.'" *Sheehan v. Morehead* (*In re Morehead*), 283 F.3d 199, 206 (4th Cir. 2002) (omission in original) (quoting H.R. Rep. No. 95-595, at 126 (1977), *reprinted in* 1978 U.S.C.C.A.N. at 6087). As a general proposition, the exemptions provided under South Carolina law are construed liberally in favor of debtors. *See Ex parte Morrow*, 190 S.E. 506, 508 (S.C. 1937).

No party has objected to Debtors' claims of exemption. 11 U.S.C. § 522(f)(1) provides: "…the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under

subsection (b) of this section, if such lien is—(A) a judicial lien…(B) a nonpossessory, nonpurchase money security interest in any—(i) household furnishings, household goods…." Debtors' Motion seeks to avoid liens on real property and automobiles. Debtors argue Capital One's lien, secured by a 2012 Hyundai Equus, Money Source's mortgage lien, secured by a mortgage on real property located at 236 Belle Ridge Road, Elgin, South Carolina 29045, and World Omni's lien, secured by a 2014 Toyota Sienna impairs their exemptions. However, 11 U.S.C. 522(f)(1) does avoid consensual mortgage liens on real property or liens secured by an automobile certificate of title.

The term "lien," generally, means a "charge against or interest in property to secure payment of a debt or performance of an obligation." 11 U.S.C. § 101(37). There are three types of liens recognized by the Code: (1) statutory liens; (2) security interests; and (3) judicial liens. A judicial lien is a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36). A "security interest," on the other hand, is "a lien created by an agreement." 11 U.S.C. § 101(51). The key difference is judicial liens are created by judicial action while security interests are created by the consent of the parties. Statutory liens are not at issue here.

Debtors are trying to avoid consensual liens, not judicial liens. Section 522(f) allows avoidance of the fixing of only a narrow category of certain consensual liens, being non-possessory and non-purchase-money security interests that encumber certain personal property (generally household goods, tools of the trade, health aids, and the like), if the property is exempt. The type of consensual liens that may be avoided, if exempt, is limited by statute and does not include the liens that Debtors are seeking to avoid.

Section 522(c)(2) preserves tax liens and other liens that are not subject to avoidance under specific provisions of the Bankruptcy Code or void under section 506(d).  Generally, liens pass through bankruptcy unaffected and unimpaired.  *See Johnson v. Home State Bank*, 111 S. Ct. 2150, 501 U.S. 78 (1991), *Long v. Bullard*, 6 S. Ct. 917, 117 U.S. 617 (1886) ("The setting apart of the homestead…did not relieve the property from the operation of liens created by contract before the bankruptcy.").

Debtors also argue 38 U.S.C. § 5301(a)(1), read together with S.C. Code Ann. § 15-41-30, protects the property from the liens of the Creditors.  South Carolina Code Section 15-41-30(A)(11)(b) provides "[t]he debtor's right to receive or property that is traceable to:…(b) a veteran's benefit" is "exempt from attachment, levy, sale under any mesne or final process issued by a court or bankruptcy proceeding."  The language of the statue does not prevent the attachment of consensual liens to property traceable to a veteran's benefit, only attachment through a judicial process, meaning a judicial lien.  In this matter, Debtors are trying to avoid consensual liens, not judicial liens.

38 U.S.C. § 5301 states, "Payment of benefits due or to become due under any law administered by the Secretary…shall be exempt from the claims of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary."  Section 5301 has two aspects, payments are exempt from creditor claims, preventing hypothecation, and once in the hands of a recipient, payments cannot be attached by judicial process. Debtors argue that property purchased with those benefits receive the same protection.  The statute extends only to liens by attachment, levy, or seizure of benefits under any legal or equitable process, not to consensual liens.  Courts have previously held that property purchased with benefits is not protected.  *See McIntosh v. Aubrey*,

185 U.S. 122, 22 S. Ct. 561 (1902) (holding, statute prohibiting legal process against moneys due pensioner, did not protect property purchased with money awarded the pensioner), *Hannah v. Hannah*, 11 S.E.2d 779, 191 Ga. 134 (1940) (holding, while provisions of former section 454 of title 38 of the United States Code exempting payments of benefits under laws relating to veterans from claims of creditors protected funds after their receipt, and even after their deposit in a bank, property, real or personal, although purchased with such funds, did not fall within exemption). Debtors' argument that 38 U.S.C. § 5301(a)(1), read together with S.C. Code Ann. § 15-41-30, protects the property from the liens of the Creditors and allows them to avoid the liens of the Creditors is not supported by the law.

## Conclusion

The liens Debtors are attempting to avoid by their Motion are clearly consensual liens that cannot be avoided under the statutory framework of Section 522.  Further, 38 U.S.C. § 5301(a)(1) and S.C. Code Ann. § 15-41-30 do not prevent the attachment of consensual liens to property purchased with veteran's benefits.  Debtors' Motion is denied as to Money Source, World Omni, and Capital One.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**12/15/2017**



David R. Duncan
Chief US Bankruptcy Judge
District of South Carolina

Entered: 12/18/2017